**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| GEORGIA COALITION FOR THE PEOPLES' AGENDA, INC., as an organization; GEORGIA STATE CONFERENCE OF THE NAACP, as an organization; and THIRD SECTOR DEVELOPMENT, INC., as an organization; <br><br> Plaintiffs, <br><br> v. <br><br> JOHN NATHAN DEAL, in his official capacity as Governor of Georgia, and BRIAN P. KEMP, in his official capacity as Secretary of State for the State of Georgia, <br><br> Defendants. | Civil Action <br> Case No. _____ <br><br> **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** <br><br> **National Voter Registration Act of 1993, First and Fourteenth Amendments to the United States Constitution** |

**INTRODUCTION**

1.      "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined." *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964).

2.      This lawsuit seeks to prevent the disenfranchisement of eligible prospective voters in Chatham County, whose right to vote has been impeded by the effects of Hurricane Matthew and the refusal of defendants to remedy the situation.

3.      Under state law, the voter registration deadline for Georgia voters was Tuesday,

October 11, 2016.  Eligible citizens who failed to register by then cannot cast a ballot that will count in the upcoming November 2016 general election.

4.      Chatham County government offices, which opened today, were last open on Wednesday, October 5.  Many prospective voters thus lost the ability to register for the last six days of the voter registration period.  For much of the interim period, the county was under a state of emergency and an evacuation order due to Hurricane Matthew.  Matthew hit Chatham County as a Category 2 hurricane on Friday, October 7, and caused massive damage, substantial flooding, and a loss of power to more than a hundred thousand county residents.

5.      Despite declaring a state of emergency and issuing a mandatory evacuation order, Defendant Deal refused to extend the voter registration deadline for the citizens heeding his orders to evacuate in Chatham County and elsewhere in Georgia.

6.      Many states, including Florida and South Carolina, which were similarly impacted by Matthew, are providing citizens with an extended registration period.  Meanwhile, elected officials, citizens, and organizations, including Plaintiffs, have called upon Defendant Deal to extend Georgia's voter registration deadline so that voters in Chatham County and elsewhere do not lose the ability to exercise their fundamental right to vote.  Defendant Deal refused to take any action to protect citizens' voting rights and extend the deadline, which has passed.

7.      Without relief, many eligible prospective voters who were forced to choose between their safety and the fundamental right to vote and suffered hardship as a result of Hurricane Matthew will be disenfranchised in the November 8, 2016 election.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction of this action pursuant to (1) 28 U.S.C. § 1343(a), because this action seeks to redress the deprivation, under color of state law, of rights, privileges and immunities secured by the National Voter Registration Act of 1993 and the United States Constitution; and (2) 28 U.S.C. § 1331, because this action arises under the laws of the United States.

9.    This Court has jurisdiction to grant both declaratory and injunctive relief, pursuant to 28 U.S.C. §§ 2201 and 2202.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

11.    Plaintiff THE GEORGIA COALITION FOR THE PEOPLES' AGENDA, INC. ("GCPA") is a Georgia nonprofit corporation with its principal place of business located in Atlanta, Georgia.  The GCPA is a coalition of more than 30 organizations, which collectively have more than 5,000 individual members.  The organization encourages voter registration and participation, particularly among minority and low-income citizens.  The GCPA's support of voting rights is central to its mission.  The organization has committed, and continues to commit, time and resources to conducting voter registration drives, voter education, voter ID assistance, Souls to the Polls, and other GOTV efforts in Georgia that seek to encourage turnout.

12.    The GCPA regularly conducts voter registration drives in Chatham County, and was planning on making a final effort to register voters in the county between October 7 and 11, 2016.  The GCPA was forced to suspend voter registration activities in Chatham County between

3

October 7 and 9, 2016, due to the mandatory evacuation order issued by Governor Deal.  GCPA further determined that door to door canvassing in Chatham County was infeasible on October 10 or 11, 2016, because power was still out in many parts of the county, a number of roads were impassable, electrical wires were down, and local officials asked that people remain home and off the roads.  If the voter registration deadline is not extended, the GCPA will be prevented from carrying out its core activity of registering voters to vote during the busiest registration days in four years in Chatham County.

13.     Plaintiff GEORGIA STATE CONFERENCE OF THE NAACP ("Georgia NAACP") is a non-partisan, interracial, nonprofit membership organization that was founded in 1941.  Its mission is to eliminate racial discrimination through democratic processes and ensure the equal political, educational, social, and economic rights of all persons, in particular African-Americans.  It is headquartered in Atlanta and currently has approximately 10,000 members. The Georgia NAACP works to protect voting rights through litigation, advocacy, legislation, communication, and outreach, including work to promote voter registration, voter education, get out the vote efforts, election protection, and census participation.

14.     The Georgia NAACP has submitted many voter registration applications to elections officials in Chatham County.  The Georgia NAACP maintains a branch office in Chatham County, which engages in significant voter registration efforts in presidential election cycles.  The Savannah branch office, however, was closed between October 7 and 10, 2016, due to Governor Deal's evacuation order and could not conduct voter registration activity during that period.  The Georgia NAACP was forced to cancel voter registration events scheduled for October 8 at a Sam's Club and for October 9 following church services.  The organization also

cancelled door to door voter registration canvassing scheduled for the period between October 7 and 11, 2016.  If the voter registration deadline is not extended, the Georgia NAACP will be prevented from carrying out its core activity of registering voters to vote during the busiest registration days in four years in Chatham County.

15.     Plaintiff THIRD SECTOR DEVELOPMENT, INC. ("Third Sector"), is a Georgia not for profit corporation.  It is a 501(c)(3) organization founded in 1998.  The New Georgia Project ("NGP") is a non-partisan, nonprofit program of Third Sector that was launched in 2013. NGP's mission is to civically engage Georgians in underrepresented communities.  The organization engages in voter registration, voter education, and get out the vote efforts throughout the State of Georgia, including in Chatham County.

16.     NGP regularly conducts voter registration drives throughout Georgia, including in Chatham County.  The organization has collected more than 11,000 voter registration applications from Chatham County residents in 2016 alone.  NGP was planning on putting together a phone bank to contact prospective voters throughout Georgia, including in Chatham County, in the days leading up to the close of registration.  These efforts were to include contacting applicants who submitted registration forms but are not registered for the purpose of assisting them with clearing up any problems with their applications with the Chatham County registrar.  Due to Hurricane Matthew, the evacuation order, the loss of power and the closure of the Chatham County Board of Elections office between October 6 and October 11, 2016, NGP determined that it would not be feasible to continue voter applicant outreach efforts in Chatham County because it was impossible for NGP to connect applicants with elections officials.

17.     Defendant JOHN NATHAN DEAL is being sued in his official capacity as Governor of Georgia.  Governor Deal is granted broad emergency powers under Georgia state law.  GA. CODE ANN. § 38-3-51.  Those powers include the ability to extend the voter registration deadline for the entire State of Georgia, or one or more of its counties.  Exhibit B, Email from Ryan Germany to Kristen Clarke, Oct. 12, 2016.

18.     Defendant BRIAN P. KEMP is being sued in his official capacity as Georgia Secretary of State.  Secretary Kemp's responsibilities include maintaining the state's official list of registered voters and preparing and furnishing information for citizens pertaining to voter registration and voting.  GA. CODE ANN. §§ 21-2-50(a), 21-2-211.  Defendant also serves as the Chairperson of Georgia's State Election Board, which promulgates and enforces rules and regulations to obtain uniformity in the practices and proceedings of election officials and promotes the fair, legal, and orderly conduct of all primaries and elections in the state.  *Id*. §§ 21-2-30(d), 21-2-31, 21-2-33.1.  Finally, Defendant is the chief election official responsible for the coordination of Georgia's list maintenance responsibilities under the National Voter Registration Act of 1993 (NVRA) and the Help America Vote Act of 2002 (HAVA).  *Id*. §§ 21-2-210, 21-2-50.2.

## STATEMENT OF FACTS AND LAW

19.     The National Voter Registration Act of 1993 requires states to ensure "that any eligible applicant is registered to vote" if they submit their registration form as close to Election Day as the state will provide—and that in any event the state cannot require voters to register more than 30 days prior to an election.  52 U.S.C. § 20507(a)(1).

20.     Georgia state law requires that the main elections office in each county "remain open for business during regular office hours on each business day, except Saturday" and  "be open at such designated times other than the normal business hours as shall reasonably be necessary to facilitate registration and at such other hours as will suit the convenience of the public."  GA. CODE ANN. § 21-2-215(c).

21.     The voter registration deadline in Georgia was Tuesday, October 11.  *See* GA. CODE ANN. § 21-2-224(a).

22.     Georgia state law provides that "[a]ny person desiring to register as an elector shall apply to do so by making application to a registrar or deputy registrar of such person's county of residence in person, by submission of the federal post card application form as authorized under Code Section 21-2-219, by making application through the Department of Driver Services as provided in Code Section 21-2-221, by making application through the Department of Natural Resources as provided in Code Section 21-2-221.1, by making application through designated offices as provided in Code Section 21-2-222, or by making application by mail as provided in Code Section 21-2-223."  GA. CODE ANN. § 21-2-220(a). Applicants with access to a computer and a current Georgia driver's license or state identification card may register to vote online.  GA. CODE ANN. § 21-2-221.2.

23.     Georgia residents are barred from voting a ballot that will be counted if they do not meet the registration deadline because Georgia does not permit eligible citizens to register during the in-person early voting period or on Election Day.

24.     A significant number of Georgia residents, including those in Chatham County, register to vote in the days leading up to the registration deadline.  For example, a voter

registration event held between 9 am and 3 pm on Tuesday, September 27, 2016, at the Chatham

County Voter Registration office in Savannah drew more than 100 people.  Kelly Quimby, *State,

local officials make final push to register voters*, SAVANNAH MORNING NEWS, Sept. 27, 2016,

*available at* http://savannahnow.com/politics-news/2016-09-27/state-local-officials-make-final-

push-register-voters.  Additionally, voter registration groups were planning on conducting voter

registration and other outreach efforts in Chatham County during the last week of the voter

registration period.

      25.    Governor Deal declared a state of emergency for thirteen counties, including

Chatham County, on Tuesday, October 4, 2016.  *Gov. Nathan Deal declares state of emergency

ahead of Hurricane Matthew*, WTOC, Oct. 4, 2016, *available at*

http://www.wtoc.com/story/33315568/gov-nathan-deal-declares-state-of-emergency-ahead-of-

hurricane-matthew.

      26.    The Chatham County Commission called for a voluntary evacuation of roughly

eleven percent of the county's population on Wednesday, October 5, 2016.  *The Latest: Georgia

coast placed under hurricane watch*, WRDW, Oct. 5, 2016, *available at*

http://www.wrdw.com/content/news/Gov-Deal-declares-state-of-emergency-ahead-of-Hurricane-

Matthew-395861441.html.

      27.    The City of Tybee Island, which is located in Chatham County, issued a

mandatory evacuation order that began at 3 pm on Wednesday, October 5, 2016.  *Id*.

      28.    The United States Postal Service suspended operations in Chatham County.

      29.    Governor Deal issued a mandatory evacuation order for six counties, including

Chatham County, on Thursday, October 6, 2016.  Press release, Deal orders mandatory

evacuation east of Interstate 95 for six coastal counties, Oct. 6, 2016, *available at* https://gov.georgia.gov/press-releases/2016-10-06/deal-orders-mandatory-evacuation-east-interstate-95-six-coastal-counties.

30.     Hurricane Matthew hit Chatham County as a Category 2 hurricane on Friday, October 7.  Nicole Carr, Ross Cavitt, & Richard Elliott, *Deaths, floods as Hurricane Matthew hits South Carolina*, WSB-TV, Oct. 9, 2016, *available at* http://www.wsbtv.com/news/local/atlanta/south-georgia-getting-pounded-by-hurricane-matthew/454816981; Governor Nathan Deal press release, GEMHSA: Georgia mobilizes recovery plan in Matthew's wake, *available at* https://gov.georgia.gov/press-releases/2016-10-08/gemhsa-georgia-mobilizes-recovery-plan-matthew%E2%80%99s-wake-1.

31.     The hurricane caused massive destruction in Chatham County, which experienced high winds, heavy rain and flooding.  In Savannah, many trees were down and, and street lights and buildings were damaged.  The hurricane devastated the barrier islands, particularly Tybee Island.  Approximately 116,000 Chatham County residents lost power.

32.     Some residents were evacuated by bus to Augusta.  Some began to return on Monday, October 10, and were taken to a local shelter if they were unable to safely go home. *The Latest: Savannah's signature tree canopy gets bushwacked by Matthew*, WRDW, Oct. 11, 2016, *available at* http://www.wrdw.com/content/news/The-Latest-Hurricane-closes-parts-of-I-95-on-Georgia-coast-396395301.html.

33.     Governor Deal lifted the mandatory evacuation order for the mainland portion of Chatham County at 5 pm on Sunday, October 9.  Scott Trubey & Dan Chapman, *Gov. Deal lifts hurricane evacuation orders; islands still closed*, THE ATLANTA JOURNAL CONSTITUTION, Oct. 9,

2016, *available at* http://www.ajc.com/news/local/gov-deal-lifts-hurricane-evacuation-orders-islands-still-closed/kJZwRm9Kj1UwYxOtH200CN/.

34.     Chatham County government offices, including the Chatham County Board of Elections, were closed beginning Thursday, October 6, through Tuesday, October 11.  *See* Exhibit A, Email from Ryan Germany to Kristen Clarke.

35.     The Chatham County Board of Elections office reopened on Wednesday, October 12.

36.     Most post offices in Chatham County reopened on Tuesday, October 11.

37.     Columbus Day, which was Monday, October 10, was not observed by the Chatham County government this year.  2016 Holiday Schedule, Chatham County, Georgia, *available at* http://www.chathamcounty.org/Home/Holiday-Schedule.  The Chatham County Board of Elections office would therefore have been open on October 10 if it were not for Hurricane Matthew.

38.     Although applicants who already have a Georgia driver's license or state ID card may register to vote online, this technology was not readily available to many residents of Chatham County, most of whom had evacuated the county.  Moreover, electricity and cable were out in much of the county.

39.     Online registration was also not available to applicants who lack a Georgia driver's license or state ID card, including persons who have recently moved to Georgia, senior citizens, students and others.

40.     The Georgia online voter registration database experienced glitches and problems on Monday, October 10, and Tuesday, October 11.  These problems prevented some applicants

from successfully completing online voter registration applications. *As online voter registration closes, mixed success in Georgia*, 11ALIVE, Oct. 11, 2016, *available at* http://www.11alive.com/news/local/as-online-voter-registration-closes-mixed-success-in-georgia/333992259.

41.     The Chatham County Board of Elections office was closed for the last six days, and the last four weekdays, of the voter registration period prior to the November 2016 election.

42.     Hurricane Matthew and its aftermath effectively prevented Chatham County residents from registering to vote up to 30 days before the election, during what is typically the busiest period of voter registration every four years.  Governor Deal's evacuation order and the closure of Chatham County government offices until today, while necessary for public safety, prevented county residents from registering to vote in person.  And, due to widespread and ongoing power outages, prospective voters may not have been able to access, download, and print registration forms to be mailed, or to register to vote online.

43.     For all practical purposes, voter registration opportunities were unavailable to many residents of Chatham County after Wednesday, October 5.

44.     A significant number of prospective minority voters were affected by the loss of voter registration opportunities due to Hurricane Matthew.  According to the 2011-2014 American Community Survey, approximately 78,713 (38.7%) of Chatham County's 203,629 citizens of voting age are Black, while 6,040 (3.0%) are Latino.

45.     The Lawyers' Committee for Civil Rights Under Law sent a letter to Georgia Attorney General Sam Olens and General Counsel for the Georgia Secretary of State C. Ryan Germany on Tuesday, October 11.  Exhibit A, Letter from Kristen Clarke to Attorney General

Olens and Mr. Germany.  The letter noted the closures in Chatham County and asked that the

voter registration deadline be extended in the county to permit county residents an equal

opportunity to participate in the electoral process.

46.     Mr. Germany responded on Wednesday, October 12.  His email stated that the

Georgia Secretary of State declined to ask the Governor to extend the voter registration deadline

in Chatham County or anywhere else in the state.  In particular, he claimed that extending the

deadline was "not appropriate or prudent given that opportunities to register remained available

and that counties, including counties affected by the storm, need to continue to prepare for early

voting beginning on Monday."  Ex. B.

47.     Governor Deal has refused to extend the voter registration deadline despite

acknowledging the severe impact of the storm.  *See*, *e.g.*, Governor Nathan Deal press release,

Hurricane Matthew recovery update, *available at* https://gov.georgia.gov/press-releases/2016-

10-08/hurricane-matthew-recovery-update-0.

48.     Defendants' refusal to extend the voter registration deadline in Chatham County

will disenfranchise a significant number of eligible prospective voters.  People who were unable

to register by yesterday's deadline cannot vote in the November 2016 election.

49.     Georgia stands alone in its refusal to protect its voters.  For example, South

Carolina voluntarily extended its voter registration deadline, while Florida has been ordered to

do so as a result of litigation.  Order Granting Preliminary Injunction, ECF No. 29, *Fla. Dem.*

*Party v. Scott*, No. 4:16-cv-626-MW/CAS (N.D. Fla. Oct. 12, 2016); *S.C. extends voter*

*registration deadline in anticipation of Hurricane Matthew*, THE HERALD, Oct. 6, 2016,

*available at* http://www.heraldonline.com/news/local/article106494827.html.

12

**COUNT ONE:**
**VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS**

50.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 to 49 above, as if fully set forth herein.

51.     The First and Fourteenth Amendments of the United States Constitution protect the right to vote as a fundamental right.  The First Amendment's guarantees of freedom of speech and association protect the right to vote and to participate in the political process.  The right to vote is a fundamental constitutional right also protected by both the due process and equal protection clauses of the Fourteenth Amendment.  *See, e.g.*, *Bush v. Gore*, 531 U.S. 98, 104-05 (2000); *Harper v. Va. State Bd. of Elections*, 383 U.S. 663, 670 (1966) (Virginia's poll tax violates the Equal Protection Clause); *Anderson v. Celebrezze*, 460 U.S. 780, 786-87 (1983) (the right to vote is incorporated into the Due Process Clause).

52.     By preventing prospective voters from registering during the last six days of the voter registration period, including the last four business days, the refusal to extend the voter registration deadline in Chatham County imposes a severe burden on the fundamental right to vote by depriving citizens of that right altogether.

53.     While the burdens imposed by the Governor's refusal to extend the voter registration deadline are undeniably severe, his failure to take action under these circumstances cannot pass muster even under rational basis review.

54.     The decision not to extend the deadline is not narrowly drawn to advance any state interest sufficiently compelling to justify the imposition of such severe burdens.

55.     The State has no justification for the burden imposed by its decision not to extend the deadline making it necessary to burden Plaintiffs' rights.

13

56.     There is no sufficient state interest justifying the refusal to extend the voter registration deadline that was not already adequately protected by preexisting election procedures.

57.     Plaintiffs therefore seek a declaratory judgment that, by refusing to extend the voter registration deadline in Chatham County, the Governor and Secretary of State, acting under color of state law, are depriving Plaintiffs of the rights, privileges, and immunities secured to them by the First and Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. § 1983.

58.     Further, Plaintiffs are without an adequate remedy at law.  Unless the Court orders the Governor and Secretary of State to extend the voter registration deadline in Chatham County, Plaintiffs will continue to suffer the immediate and irreparable harm described herein.

## COUNT TWO:
## VIOLATION OF SECTION 8 OF THE NATIONAL VOTER REGISTRATION ACT OF 1993

59.     Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 to 58 above, as if fully set forth herein.

60.     Section 8 of the NVRA requires states to process any voter registration form received or postmarked no later than 30 days of an election. 52 U.S.C. § 20507(a)(1).

61.     Section 8 requires each state to:

(1) ensure that any eligible applicant is registered to vote in an election –

      A. in the case of registration with a motor vehicle . . . if the valid voter registration form of the applicant is submitted to the appropriate State motor vehicle authority not later than the lesser of 30 days, or the period provided by State law, before the date of the election;

B. in the case of registration by mail . . . if the valid voter registration form of the applicant is postmarked not later than the lesser of 30 days, or the period provided by State law, before the date of the election;

C. in the case of registration at a voter registration agency, if the valid voter registration form of the applicant is accepted at the voter registration agency not later than the lesser of 30 days, or the period provided by State law, before the date of the election; and

D. in any other case, if the valid voter registration form of the applicant is received by the appropriate State election official not later than the lesser of 30 days, or the period provided by State law, before the date of the election[.]

52 U.S.C. § 20507(a)(1).

62.     These provisions are intended to ensure that eligible United States citizens have sufficient time to register to vote and thus, are not forced to register to vote more than thirty days in advance of a federal election.

63.     These provisions must be interpreted in the context of the primary purpose of the statute as a whole. Congress's purpose in passing the NVRA was to "increase the number of eligible citizens who register to vote in elections" and "enhance[] the participation of eligible citizens as voters," and to protect the active role that community-based voter registration groups play in the registration process.  52 U.S.C. § 20501.

64.     The NVRA was intended to "ensure that no American is denied the ability to participate in Federal elections because of real or artificial barriers . . . [and] to make voter registration an inclusive, rather than an exclusive opportunity in the United States." 139 Cong. Rec. H495-04 (1993) (statement of Rep. Martin Frost).

15

65.     Toward that end, the NVRA "provides that the registration cutoff may be no more than 30 days before election or such lesser period as State may provide." H.R. Rep. No. 103-66, at 20 (1993) (Conf. Rep.).

66.     The NVRA also focused on increasing voting access to traditionally disenfranchised communities.  It did so by increasing the places open for in-person voter registration.  For example, the conference report expressed concern that, unless the bill provided that unemployment offices and other agencies could provide voter registration, "it will exclude a segment of its population from those for whom registration will be convenient and readily available – the poor and persons with disabilities . . . .  It is important that no State be permitted to so restrict its agency registration program."  H.R. Rep. No. 103-66 (1993) (Conf. Rep.).

67.     Hurricane Matthew effectively foreclosed the ability to register to vote for six days, including a full weekend.  Two of the days the Chatham County Board of Elections office would have otherwise been open, October 10 and 11, fall within the period that the NVRA requires states to provide for voter registration in advance of a federal election.  The state's refusal to extend the voter registration deadline in the face of this natural disaster is the type of artificial barrier that the NVRA was designed to protect against.

68.     Hurricane Matthew effectively prevented a substantial number of Chatham County residents from registering to vote by the October 11, 2016, deadline.  Unless Plaintiffs are granted the relief requested, the right to vote will be denied to significant numbers of eligible county residents.

69.     Since this violation of the NVRA occurred within thirty days of an election for federal office, Plaintiffs are not obligated to provide advance notice to Secretary Kemp before bringing a civil action.  52 U.S.C. § 20510(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray that the Court:

1.      Enter judgment in favor of Plaintiffs and against Defendants on the claims for relief as alleged in this Complaint;

2.      Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the refusal to extend the voter registration deadline (a) violates the fundamental right to vote under the First and Fourteenth Amendments; and (b) violates Section 8 of the National Voter Registration Act of 1993, 52 U.S.C. § 20507.

3.      Grant Plaintiffs preliminary or permanent injunctive relief by ordering that Defendants:

(a)     discontinue enforcement of the current voter registration deadline for Chatham County; and

(b)     extend Chatham County's voter registration deadline to account for the lost days and weekend of voter registration up to and including October 18, 2016; or, in the alternative,

(c)     discontinue enforcement of the current voter registration deadline and extend the voter registration for the entire State of Georgia to October 18, 2016;

4.      Award Plaintiffs their reasonable attorneys' fees and costs pursuant to statute; and

5.      Grant Plaintiffs such other and further relief as may be just and equitable.

17

Dated: October 12, 2016   Respectfully submitted,

       By:  */s/ William V. Custer*
           William V. Custer
           Georgia Bar No. 202910
           Jennifer B. Dempsey
           Georgia Bar No. 217536
           Bryan Cave LLP
           One Atlantic Center
           Fourteenth Floor
           1201 West Peachtree Street, NW
           Atlanta, Georgia 30309-3488
           Phone: (404) 572-6600
           Fax:  (404) 572-6999
           bill.custer@bryancave.com
           jennifer.dempsey@bryancave.com

           Ezra D. Rosenberg (*pro hac vice – to be filed*)
           Julie Houk (*pro hac vice – to be filed*)
           John Powers (*pro hac vice – to be filed*)
           Lawyers' Committee for Civil Rights Under Law
           1401 New York Avenue NW, Suite 400
           Washington, D.C. 20005
           Telephone: (202) 662-8600
           Facsimile: (202) 783-0857
           erosenberg@lawyerscommittee.org
           jhouk@lawyerscommittee.org
           jpowers@lawyerscommittee.org

           *Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| GEORGIA COALITION FOR THE PEOPLES' AGENDA, INC., as an organization; GEORGIA STATE CONFERENCE OF THE NAACP, as an organization; and THIRD SECTOR DEVELOPMENT, INC., as an organization;<br><br>                Plaintiffs,<br><br>v.<br><br>JOHN NATHAN DEAL, in his official capacity as Governor of Georgia, and BRIAN P. KEMP, in his official capacity as Secretary of State for the State of Georgia,<br><br>                Defendants. | Civil Action<br>Case No. _____ |

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

This 12th day of October, 2016.

By:     */s/ William V. Custer*
              William V. Custer
              Georgia Bar No. 202910
              Bryan Cave LLP
              One Atlantic Center
              Fourteenth Floor

19

1201 West Peachtree Street, NW
Atlanta, Georgia 30309-3488
Phone:   (404) 572-6600
Fax:       (404) 572-6999
bill.custer@bryancave.com