# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

GEORGIA COALITION FOR THE )
PEOPLES' AGENDA, INC., as an )
organization; GEORGIA STATE )
CONFERENCE OF THE NAACP, as )
an organization; and THIRD )
SECTOR DEVELOPMENT, INC., as )
an organization; )
)
    Plaintiffs, )
)
v. ) CASE NO. CV416-269
)
JOHN NATHAN DEAL, in his )
official capacity as Governor )
of Georgia, and BRIAN P. )
KEMP, in his official )
capacity as Secretary of )
State for the State of )
Georgia, )
)
    Defendants. )
)

## **O R D E R**

Before the Court is Plaintiffs' Motion for Emergency Preliminary Injunction. (Doc. 2.) The Court heard oral argument from the parties on the morning of October 14, 2016. Plaintiffs[1] contend that the mandatory evacuations imposed due to hurricane Matthew prevented potential voters in Chatham County from registering for the upcoming election on November 8, 2016. The registration deadline in

---

[1] The Court is satisfied that Plaintiffs have standing to bring their claims. See Fla. State Conference of N.A.A.C.P. v. Browning, 522 F.3d 1153, 1160-64 (11th Cir. 2008).

Georgia is October 11, 2016. However, the Chatham County Board of Elections office was closed from October 6 to October 12, 2016. Moreover, post office closures and the suspension of mail service during this period also potentially prevented individuals from submitting their registration applications. Finally, many individuals were potentially unable to register, either in person or electronically, due to evacuation or recovery efforts. Given all these events, Plaintiffs argue that Defendants' failure to extend the voter registration deadline violates the 1st and 14th Amendments of the United States Constitution, and Section 8 of the National Voter Registration Act of 1993, 52 U.S.C. § 20507(a)(1), which requires states to process any voter registration form received or postmarked at least 30 days prior to an election.

In response, Defendants contend that extending the deadline to October 18 will present significant administrative burdens on the Chatham County Board of Elections because early voting will have already begun on October 17. Defendants maintain that requiring the acceptance of new registrations after October 17 fails to provide the Board with sufficient time to prepare and begin early voting. Also, Defendants argue that the impacts of

2

Hurricane Matthew did not preclude individuals from registering electronically.

The Court may grant injunctive relief only where the moving party established that

> (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). The parties appear to agree that an individual's loss of the right to vote is clearly an irreparable injury that outweighs any damage caused by extending the deadline, and that extending the deadline is not adverse to the public interest. The parties disagree, however, on whether Plaintiffs have established a substantial likelihood that they would succeed on the merits of their claims.

While this Court harbors significant reservations concerning the ultimate merits of Plaintiffs' claims, the Court concludes that Plaintiffs have established a sufficient likelihood of success to warrant injunctive relief. An individual's ability to participate in local and national elections is arguably the most cherished right enshrined in our constitution. Indeed, our founding fathers

3

felt so strongly about their right to participate in the electoral process that when deprived of it they took up arms against their sovereign, risking life and home for over eight years, to obtain that right.

In the final analysis, Defendants may not be under any obligation to provide Chatham County residents with an extension. Only time will tell. What is clear to the Court, however, is that granting the extension would have been the right thing to do. The Court does not discount that the extension would present some administrative difficulty. However, those administrative hurdles pale in comparison to the physical, emotional, and financial strain Chatham County residents faced in the aftermath of Hurricane Matthew. Extending a small degree of common courtesy by allowing impacted individuals a few extra days to register to vote seems like a rather small consolation on behalf of their government.

In any event, the Court is satisfied that Plaintiffs have established a sufficient likelihood of success to warrant injunctive relief. Accordingly, Plaintiffs' motion is **GRANTED**. As a result, Defendants are **DIRECTED** to extend

the voter registration deadline for Chatham County[2] from October 11, 2016 to October 18, 2016.

SO ORDERED this 14th day of October 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Based on the arguments presented at the hearing, the Court declines Plaintiffs' invitation to extend the deadline statewide or for any county other than Chatham.